**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES R. MORIARTY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:18-cv-02649-CKK |
| ) | |
| **THE HASHEMITE KINGDOM OF JORDAN,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## PLAINTIFFS' SECOND STATUS REPORT AS TO SERVICE OF PROCESS

Pursuant to the Court's Order dated June 12, 2019, Plaintiffs by their undersigned counsel provide the following status report responding to the requests interposed by the Court of whether service is to be completed under 28 U.S.C. § 1608(a)(3) or Fed. R. Civ. P. 4(f).  Furthermore, the Court requested support for service of process on Defendant Abu Tayeh through the letter rogatory process under these circumstances. Contemporaneous with the submission of this Status Report, Plaintiffs are filing a renewed Request for Judicial Assistance which addresses these points.  While duplicative of that request, Plaintiffs submit that they incorrectly identified 28 U.S.C. § 1608(a)(3) as the appropriate authority under which the request should be granted when the Court is correct that the authority to grant the request rests in Fed. R. Civ. P. 4(f)(2)(B).

As set forth in the renewed Request for Judicial Assistance, the propriety of issuing a letter rogatory for service is process is permitted under Fed. R. Civ. P. 4(f)(2)(B) and can be used for "service of an individual in a foreign country where federal law does not provide a method and where no international agreement for service exists with that foreign country." *Sayles v. Pac. Eng'rs & Constructors, Ltd.*, No. 08CV676S, 2009 U.S. Dist. LEXIS 124819, at *7 (W.D.N.Y.

Jan. 16, 2009).   Courts use this mechanism to properly serve defendants through diplomatic channels.  *See United States on Behalf of Smithsonian Inst.*, No. 17-MC-3005 (TSC), 2018 WL 3838826, at *4 (D.D.C. June 26, 2018) (noting that a letter rogatory could be one method of showing the service was proper in that case.)  The U.S. Department of State's Judicial Assistance Information page for Jordan on its website indicates that Jordan is not a party to the Hague Service Convention, the Inter-American Convention, and does not accept service of process by mail.[1]  This information demonstrates the impracticality of service via Rule 4(f)(1) (service via the Hague Convention or other "internationally agreed mean") and 4(f)(2)(C)(ii) (service by mail).  The remaining means permitted for service under Rule 4(f) are:

1. Service according to the law of the foreign jurisdiction (Rule 4(f)(2)(A));
2. Service by the foreign authority pursuant to a letter rogatory or letter of request (Rule 4(f)(2)(B));
3. Service on the individual in person (if not prohibited by law) (Rule 4(f)(2)(C)(i); or
4. Service through this Court's order (if not prohibited by international agreement) (Rule 4(f)(3)).

Plaintiffs submit that service under Rule 4(f) is required for a judgment to be enforceable against a foreign defendant in a nation which is not a party to a service convention.  For this service to be upheld, Plaintiffs must be able to demonstrate that their method of service was proper.  For example, if a plaintiff serves a foreign defendant by certified mail without proof that this was proper under the law of the foreign nation, then the service would be deemed ineffective for enforcement.  *See Hashem v. Shabi*, No. CV 17-1645 (ABJ), 2018 WL 3382913, at *4 (D.D.C. Apr. 26, 2018).  "Simply put, Plaintiff needs to tell the court something about Jordanian law

---

[1] *See* U.S. Dep't of State, Jordan Judicial Assistance Information,
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Jordan.html (last accessed June 26, 2019).

regarding service of process—perhaps through a Jordanian law expert." *Lagayan v. Odeh*, No. 15-CV-01953 (APM), 2016 WL 872228, at *1 (D.D.C. Mar. 1, 2016).  Additionally, courts consider service by methods clearly not authorized by foreign law invalid. *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014).  To enforce a judgment on a foreign individual, the service of process must be proper in his nation. Whereas Jordanian law may be subject to multiple interpretations by Jordanian law experts as it relates to service of process, the procedure for issuing a letter rogatory in this Court remains a standard procedure permitted under Rule 4(f)(2)(B).

      Plaintiffs further submit that service of process via letter rogatory may be the only enforceable means of service within the Hashemite Kingdom of Jordan—particularly of an individual who is currently incarcerated.  The ability to serve Defendant Abu Tayeh through means that accord with Jordanian process would likely be hampered by his current incarceration as he is within the control of the state.  Because the letter rogatory process provides for service of process by the state, the circumstances of this case support the premise that the letter rogatory process is the most likely to succeed in obtaining service of process on Defendant Abu Tayeh without having the Court prescribe a specified means of service of process by Court order.

      Finally, Plaintiffs have sought the assistance of the Process Server Network, a company specializing in international service of process to attempt to effectuate service of process on Defendant Abu Tayeh through means permitted by local Jordanian law.  The first step in this process has been for the Process Server Network to determine whether service of process will be possible of Defendant Abu Tayeh in his current circumstance of being incarcerated.  If this is possible, then service of process through "informal" means will be attempted.  Nevertheless, Plaintiffs continue to be concerned regarding the propriety of such "informal" service and whether

any potential judgment obtained against Defendant Abu Tayeh would be enforceable abroad following such "informal" service of process.

Plaintiffs recognize that the letter rogatory process can be time-consuming; however, because Jordan is not a party to the Hague Service Convention and personal service may be futile given his incarceration and unenforceable, the letter rogatory process may be the only manner in which effective and enforceable service may be accomplished on Defendant Abu Tayeh.

Dated: June 26, 2019

Respectfully submitted,

**MOTLEY RICE LLC**

/S/ John M. Eubanks
Robert T. Haefele (D.C. Bar No. 1007583)
John M. Eubanks (admitted *pro hac vice*)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
(843) 216-9000
RHaefele@motleyrice.com
JEubanks@motleyrice.com

*Attorneys for Plaintiffs*