**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES R. MORIARTY, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE HASHEMITE KINGDOM OF JORDAN,** )<br>**et al.** )<br>)<br>**Defendants.** )<br>) | Case No. 1:18-cv-02649-CKK |

**PLAINTIFF'S REQUEST FOR INTERNATIONAL
JUDICAL ASSISTANCE (LETTER ROGATORY)**

Pursuant to 28 U.S.C. § 1781 and Fed. R. Civ. P. 4(f)(2)(B), Plaintiffs James R. Moriarty, et al., by their undersigned counsel, hereby file a Request for International Judicial Assistance ("Letters Rogatory"), and request that the Court issue a request to the appropriate judicial authority in Amman in the Hashemite Kingdom of Jordan ("Jordan") to assist in the service of process in a civil proceeding before this Court in the above-captioned matter.  Plaintiffs believe that the issuance of these Letters Rogatory will expeditiously move this case forward.  In support of the Request, Plaintiffs submit a proposed form of the Request for Judicial Assistance contemporaneously herewith. The assistance requested is that the appropriate judicial authority in Jordan effect service of process upon Defendant Ma'arek Al-Tawayha a/k/a "Abu Tayeh". Attached as Exhibit A is a copy of the First Amended Complaint filed in this case and attached as Exhibit B is a copy of the Summons for Defendant Ma'arek Al-Tawayha a/k/a "Abu Tayeh". Exhibit C is a proposed form of the Request for Judicial Assistance.

## PROPRIETY OF SERVICE PURSUANT TO A LETTER ROGATORY

The propriety of issuing a letter rogatory for service is process is permitted under Fed. R. Civ. P. 4(f)(2)(B) and can be used for "service of an individual in a foreign country where federal law does not provide a method and where no international agreement for service exists with that foreign country." *Sayles v. Pac. Eng'rs & Constructors, Ltd.*, No. 08CV676S, 2009 U.S. Dist. LEXIS 124819, at *7 (W.D.N.Y. Jan. 16, 2009).   Courts use this mechanism to properly serve defendants through diplomatic channels.  *See United States on Behalf of Smithsonian Inst.*, No. 17-MC-3005 (TSC), 2018 WL 3838826, at *4 (D.D.C. June 26, 2018) (noting that a letter rogatory could be one method of showing the service was proper in that case).  The U.S. Department of State's Judicial Assistance Information page for Jordan on its website indicates that Jordan is not a party to the Hague Service Convention, the Inter-American Convention, and does not accept service of process by mail.[1]  This information demonstrates the impracticality of service via Rule 4(f)(1) (service via the Hague Convention or other "internationally agreed mean") and 4(f)(2)(C)(ii) (service by mail).  The remaining means permitted for service under Rule 4(f) are:

1. Service according to the law of the foreign jurisdiction (Rule 4(f)(2)(A));

2. Service by the foreign authority pursuant to a letter rogatory or letter of request (Rule 4(f)(2)(B));

3. Service on the individual in person (if not prohibited by law) (Rule 4(f)(2)(C)(i); or

4. Service through this Court's order (if not prohibited by international agreement) (Rule 4(f)(3)).

Plaintiffs submit that service under Rule 4(f) is required for a judgment to be enforceable against a foreign defendant in a nation which is not a party to a service convention.  For this service

---

[1] *See* U.S. Dep't of State, Jordan Judicial Assistance Information,
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Jordan.html (last accessed June 26, 2019).

to be upheld, Plaintiffs must be able to demonstrate that their method of service was proper. For example, if a plaintiff serves a foreign defendant by certified mail without proof that this was proper under the law of the foreign nation, then the service would be deemed ineffective for enforcement. *See Hashem v. Shabi*, No. CV 17-1645 (ABJ), 2018 WL 3382913, at *4 (D.D.C. Apr. 26, 2018). "Simply put, Plaintiff needs to tell the court something about Jordanian law regarding service of process—perhaps through a Jordanian law expert." *Lagayan v. Odeh*, No. 15-CV-01953 (APM), 2016 WL 872228, at *1 (D.D.C. Mar. 1, 2016). Additionally, courts consider service by methods clearly not authorized by foreign law invalid. *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014). To enforce a judgment on a foreign individual, the service of process must be proper in the individual's nation. Whereas Jordanian law may be subject to multiple interpretations by Jordanian law experts as it relates to service of process, the procedure for issuing a letter rogatory in this Court remains a standard procedure permitted under Rule 4(f)(2)(B).

Plaintiffs further submit that service of process via letter rogatory may be the only enforceable means of service within the Hashemite Kingdom of Jordan—particularly of an individual who is currently incarcerated. The ability to serve Defendant Abu Tayeh through means that accord with Jordanian process would likely be hampered by his current incarceration as he is within the control of the state. Because the letter rogatory process provides for service of process by the state, the circumstances of this case support the premise that the letter rogatory process is the most likely to succeed in obtaining service of process on Defendant Abu Tayeh without having the Court prescribe a specified means of service of process by Court order such as service by publication.

## BACKGROUND INFORMATION

Upon information and belief, Defendant Abu Tayeh intentionally engaged in an attack against four members of the U.S. Army's Special Forces Operation Detachment-Alpha on November 4, 2016 in which three of the Americans were murdered by Defendant Ma'arek Al-Tawayha a/k/a "Abu Tayeh." The attack took place at the entrance to the Jordanian Air Base located near Al-Jafr, Jordan. The Plaintiffs in this case are the family members and representatives of the estates of the three American soldiers who were killed by the Defendant on November 4, 2016. The three murdered Americans were James Francis Moriarty, Matthew Charles Lewellen, and Kevin Joseph McEnroe.

The Plaintiffs demand judgment against Defendant Al-Tawayha pursuant to claims arising under the Antiterrorism Act (18 U.S.C. § 2331 *et seq.*), the Torture Victim Protection Act (106 Stat. 734), international law, and common law.

**WHEREFORE**, Plaintiffs, for the foregoing reasons, hereby request that the Court:

A. Grant the Plaintiffs' Request;

B. Grant such other and further relief as the case may require.

Dated: June 26, 2019                                   Respectfully submitted,

**MOTLEY RICE LLC**

/S/ John M. Eubanks_____
Robert T. Haefele (D.C. Bar No. 1007583)
John M. Eubanks (admitted *pro hac vice*)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
(843) 216-9000
RHaefele@motleyrice.com
JEubanks@motleyrice.com

*Attorneys for Plaintiffs*