# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JAMES R. MORIARTY, *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| *v.* ) | Civil Action No. 1:18-cv-02649-CKK |
| ) | |
| THE HASHEMITE KINGDOM OF ) | |
| JORDAN, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## STATUS REPORT BY THE HASHEMITE KINGDOM OF JORDAN

Upon receiving the Court's order of October 15, 2019, counsel for the Hashemite Kingdom of Jordan observed that the Court ordered "the parties" to file a status report (ECF No. 20), whereas in a prior order the Court ordered solely "Plaintiffs" to file a status report (ECF No. 19). Accordingly, counsel for the Kingdom contacted counsel for Plaintiffs, inquiring whether they intended to respond to the Court's order this time and, if so, whether they wished to coordinate. (This was the first communication between counsel since this Court's dismissal of the Kingdom (ECF No. 19).)

Counsel for Plaintiffs expressed the view that the Kingdom was no longer a party, having been dismissed with prejudice and no notice of appeal having been filed. Counsel for Plaintiffs nevertheless invited counsel for the Kingdom to add anything to Plaintiffs' status report. The Kingdom requested that counsel for Plaintiffs represent to the Court that, notwithstanding being dismissed with prejudice, the Kingdom reserves the right to make its own submission.

The Kingdom infers, based on the comments by Plaintiffs' counsel before and in Plaintiffs' status report (ECF No. 21), that Plaintiffs believe they have purposefully let their time

for appeal to pass. In fact, the time for appeal does not seem to have begun to run, as the Court's dismissal of the Kingdom was not a dismissal of all claims against all parties. *See* Fed. R. Civ. P. 54(b). The Kingdom wishes the dismissal of the claims against it to be reduced to a final judgment, without awaiting further proceedings.

Accordingly, the Kingdom intends to move the Court to direct entry of final judgment as to the dismissal of all claims against the Kingdom under Rule 54(b). Such an entry "is particularly appropriate when," as here, "defendants are dismissed on the basis of immunity," *Fantasia v. Office of the Receiver of the Comm'n on Mental Health Servs.*, No. 01-1079-LFO, 2002 U.S. Dist. LEXIS 27609, at *6 (D.D.C. Mar. 11, 2002) (citation omitted) (directing entry of final judgment as to parties dismissed on the basis of immunity), and the claims are "separable from the others remaining to be adjudicated," *Richardson v. Yellen*, No. 14-1673 (RMC), 2016 U.S. Dist. LEXIS 194786, at *6-7 (D.D.C. May 26, 2016) (holding that dismissal on the basis of "immunity" was "separable" from remaining claim because "there [was] no chance that the D.C. Circuit would have to decide the same issue twice").

Dated: October 21, 2019

Respectfully submitted,

**WHITE & CASE** LLP

/s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
Nicole Erb (D.C. Bar No. 466620)
Claire A. DeLelle (D.C. Bar No. 974945)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600
ccurran@whitecase.com
nerb@whitecase.com
claire.delelle@whitecase.com

*Attorneys for the Hashemite Kingdom of Jordan*