# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES R. MORIARTY, *et al*,

    Plaintiffs,

v.

HASHEMITE KINGDOM OF JORDAN, *et al*,

    Defendants.

Civil Action No. 18-2649 (CKK)

## MEMORANDUM OPINION
(December 9, 2019)

The Court is in receipt of Defendant the Hashemite Kingdom of Jordan's ("Jordan") [23] Motion for Final Judgment. Plaintiffs oppose Defendant Jordan's Motion. *See* ECF No. 24.

This United States Foreign Sovereign Immunities Act ("FISA") case involves the deaths of three United States Army Special Forces members at the entrance to a Jordanian air base. Plaintiffs, surviving family of the service members, allege that a First Sergeant in the Jordanian military, Defendant Ma'Arek Al-Tawayha a/k/a Abu Tayeh, wrongfully killed the service members in an act of terrorism. Plaintiffs further alleged that Defendant Jordan aided and abetted the terrorist attack. However, on August 6, 2019, this Court dismissed with prejudice Defendant Jordan from this lawsuit, finding that this Court did not have subject matter jurisdiction over Plaintiffs' claims against Defendant Jordan due to sovereign immunity. ECF No. 19, 20. Presently, Plaintiffs are proceeding with their claims against Defendant Ma'Arek Al-Tawayha a/k/a Abu Tayeh and are in the lengthy process of attempting service. Defendant Jordan now asks the Court to enter final judgment as to the dismissal with prejudice of all claims against it.

1

The Federal Rules of Civil Procedure authorize a district court in a case with multiple parties or multiple claims to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," provided the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The United States Supreme Court and the Court of Appeals for the District of Columbia Circuit have explained that certification under Rule 54(b) is an exception and is not routinely granted as a matter of course. *See Bldg. Indus. Ass'n of Superior Calif. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). A court faced with a motion for certification under Rule 54(b) must first determine whether the decision at issue is a "final judgment," in the sense that it is an "ultimate disposition" that "determines a claim for relief." *Id.* at 744 (internal quotation marks omitted). Second, the court must determine whether there is any just reason for delay, taking into account "judicial administrative interests" and "the equities involved" such as "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen'l Elec. Co.*, 446 U.S. 1, 8 (1980).

First, the Court finds that the Order dismissing all claims against Defendant Jordan is a "final judgment." In its Order, the Court dismissed with prejudice all claims against Defendant Jordan on the basis of sovereign immunity. ECF No. 19, 20; *see also* Pls.' Status Report, ECF No. 21 (explaining that Plaintiffs are "the only active parties in this case"). Because the August 9, 2019 Order was the ultimate disposition of Plaintiffs' claims against Defendant Jordan, the Order represents a final judgment as to Defendant Jordan. *See Jewler v. District of Columbia*, 198 F.

Supp. 3d 1, 3 (D.D.C. 2016) (granting entry of final judgment because the court had previously dismissed all claims against some "defendants with prejudice").

Second, the Court finds that there is no just reason for delay in granting final judgment to Defendant Jordan. In making this determination, the Court weighs "the equities involved" and "judicial administrative interests." *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7).

Here, the claims against Defendant Jordan are wholly separable from the claims against Defendant Ma'Arek Al-Tawayha a/k/a Abu Tayeh. The Court dismissed all claims against Defendant Jordan based on sovereign immunity, a defense unavailable to Defendant Ma'Arek Al-Tawayha a/k/a Abu Tayeh. Because the basis for Defendant Jordan's dismissal is not available to Defendant Ma'Arek Al-Tawayha a/k/a Abu Tayeh, there is no possibility that a potential reviewing court would be forced to review the same issue—sovereign immunity—twice. However, Plaintiffs contend that a grant of final judgment may result in piecemeal litigation because it "will almost certainly force Plaintiffs' hand to pursue an appeal against Jordan on this Court's sovereign immunity determination at the present time." ECF No. 24, 4. Even if Plaintiffs decide to pursue an appeal of the Court's dismissal of Defendant Jordan, no occurrences in their case against the remaining Defendant will result in the D.C. Circuit "hav[ing] to decide the same issues more than once even if there [are] subsequent appeals." *Brooks v. District Hosp. Partners, L.P.*, 606 F.3d 800, 806 (D.C. Cir. 2010) (internal quotation marks omitted).

Moreover, there is the potential for a lengthy delay in the resolution of the remainder of Plaintiffs' claims due to difficulties in serving Defendant Ma'Arek Al-Tawayha a/k/a Abu Tayeh. *See* Pls.' Status Report, ECF No. 21 ("service of process pursuant to Letters Rogatory issued to a foreign country can be an extremely time-consuming and cumbersome process"). Plaintiffs argue that "the experience thrust upon them by Jordan in besmirching the memories of their loved ones

3

for a significant period of time augurs against the persuasiveness of any argument" pertaining to a lengthy delay for Defendant Jordan. ECF No. 24, 2. While the Court is sympathetic to Plaintiffs' losses and to the loss of three American Special Forces members honorably serving their country, the fact remains that the Court has already determined that Defendant Jordan is by statute immune from suit which is not a discretionary decision on the part of the Court. As a sovereign power, Defendant Jordan faces a burden from remaining a Defendant, albeit a dismissed Defendant, in a case with claims as serious as Plaintiffs' claims. *Fantasia v. Office of the Receiver of the Comm'n on Mental Health Servs.*, No. 01-1079-LFO, 2002 U.S. Dist. LEXIS 27609, at *6 (D.D.C. Mar. 11, 2002) (finding entry of final judgment "particularly appropriate when … defendants are dismissed on the basis of immunity" (citing *Capital Transit Co. v. District of Columbia*, 225 F.2d 38, 40 (D.C. Cir. 1955))).

Accordingly, the Court finds that entry of final judgment as to Defendant Jordan pursuant to Rule 54(b) is appropriate in these circumstances. The dismissal of Defendant Jordan was a final judgment and there is no just reason for delay. The Court GRANTS Defendant Jordan's Motion.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge